KARIN J. IMMERGUT
United States Attorney for the District of Oregon
Mark O. Hatfield U.S. Courthouse
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547
nathaniel.b.parker@usdoj.gov
Western.taxcivil@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Number 07-1885 |
| Plaintiff, | AMENDED COMPLAINT |
| v. | |
| GLEN A. MOREHOUSE, EMMA J. MOREHOUSE, MULTNOMAH COUNTY, CITY OF PORTLAND, GARY MOREHOUSE, LINDA BURAS AS EXECUTRIX FOR THE ESTATE OF ADA N. HOOVER, WESTERN WASHINGTON CORPORATION OF SEVENTH DAY ADVENTISTS AS EXECUTOR FOR THE ESTATE OF ADA N. HOOVER, EUGENE TURNER, DARLENE TURNER, LITCHFIELD & CARSTENS, LLP, | |
| Defendants. | |

AMENDED COMPLAINT                    1

The United States of America, by and through its undersigned counsel, hereby alleges as follows:

## CAUSE OF ACTION

1. This is a civil action brought by the United States to foreclose federal tax liens upon certain real properties of Glen A. Morehouse.

## AUTHORIZATION FOR SUIT

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States ("Secretary").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the properties sought to be foreclosed are located in Multnomah County within the District of Oregon.

## REAL PROPERTY SOUGHT TO BE FORECLOSED

5. The parcel of real property that is the subject of this suit is commonly referred to as 6403-6413 N. Interstate Ave., Portland, Oregon 97217 ("Portland Property") and is more particularly described as follows:

> Lot 16, Block 2, ROSALIND ADDITION, in the City of Portland, County

of Multnomah, and State of Oregon and the following described portion of Lot 15, Block 2, ROSALIND ADDITION in the City of Portland, County of Multnomah and State of Oregon:

Commencing at the Southeast corner of said Lot 15; thence Northerly along the Easterly boundary of said Lot 15 a distance of 19 feet to a point; thence Westerly on a line parallel with the Northerly boundary of said lot 15 a distance of 60 feet to a point; thence south on a line parallel with the Easterly line of said Lot 15 a distance of 1 foot to a point; thence West on a line parallel with the Northerly boundary of said Lot 15 to the Westerly boundary of said Lot 15; thence Southerly along the Westerly boundary of said Lot 15 to the Southerly8 boundary of said Lot 15; thence along the Southerly boundary of Lot 15 to the point of beginning.

6. On or about September 5, 1995, Glen and Emma Morehouse acquired title to the Amboy Residence from William Mildenberger via a Bargain and Sale Deed, and the Multnomah County Recorder's Office recorded the deed on or about August 13, 1998.

### IDENTIFICATION OF DEFENDANTS

7. Emma J. Morehouse is made a party pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Portland Property. On information and belief, defendant Emma Morehouse is Glen Morehouse's ex-wife.

8. Multnomah County is made a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Portland Property.

9. The City of Portland is made a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Portland Property.

10. Gary Morehouse is made a party pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the Portland Property. On information and belief, defendant Gary Morehouse is Glen Morehouse's son.

11. Linda Buras as Executrix for the Estate of Ada N. Hoover is made a party pursuant to 26

U.S.C. § 7403(b) because the Estate of Ada N. Hoover may claim an interest in the Portland Property.

12. The Western Washington Corporation of Seventh Day Adventists as Executor for the Estate of Ada N. Hoover is made a party pursuant to 26 U.S.C. § 7403(b) because the Estate of Ada N. Hoover may claim an interest in the Portland Property.

13. Eugene Turner is made a party pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the Portland Property.

14. Darlene Turner is made a party pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Portland Property.

15. Litchfield & Carstens, LLP is made a party pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Portland Property.

## ASSESSMENTS MADE ON DEFENDANT

16. A delegate of the Secretary made assessments of federal income taxes, penalties and interest, and other statutory additions against defendant Glen Morehouse on the dates, in

///
///
///
///
///
///

the amounts, and for the taxable periods set forth below:

| Type of Tax | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | Unpaid Balance as of 11/15/2007, Including Penalties, Fees, and Interest |
|---|---|---|---|---|
| 1040 | 1987 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997<br>9/19/2005 | $   694.00   (Estimated tax penalty)<br>$ 3,234.00     (Late Filing Penalty)<br>$12,937.00          (Additional Tax)<br>$23,522.32                   (Interest)<br>$3,234.25    (Penalty for Failure to Pay Tax) | $83,829.78 |
| 1040 | 1988 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997<br>09/19/2005 | $1,226.00    (Estimated tax penalty)<br>$4,766.00       (Late Filing Penalty)<br>$19,063.00          (Additional Tax)<br>$28,800.40                  (Interest)<br>$4,765.75    (Penalty for Failure to Pay Tax) | $112,225.34 |
| 1040 | 1989 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997<br>09/19/2005 | $811.00       (Estimated tax penalty)<br>$2,997.00       (Late Filing Penalty)<br>$11,989.00          (Additional Tax)<br>$14,529.15                   (Interest)<br>$2,997.25    (Penalty for Failure to Pay Tax) | $63,528.15 |
| 1040 | 1990 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997<br>09/19/2005 | $851.00       (Estimated tax penalty)<br>$3,249.00       (Late Filing Penalty)<br>$12,995.00          (Additional Tax)<br>$12,148.08                   (Interest)<br>$3,248.75    (Penalty for Failure to Pay Tax) | $61,716.52 |
| 1040 | 1991 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997<br>09/19/2005 | $750.00       (Estimated tax penalty)<br>$3,280.00       (Late Filing Penalty)<br>$13,121.00          (Additional Tax)<br>$9,875.67                     (Interest)<br>$3,280.25    (Penalty for Failure to Pay Tax) | $57,366.29 |

AMENDED COMPLAINT                            5

| 1040 | 1992 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997 | $530.34       (Estimated tax penalty)<br>$3,040.00      (Late Filing Penalty)<br>$12,160.00        (Additional Tax)<br>$7,405.36              (Interest) | $48,837.74 |
|------|------|------|------|------|
| 1040 | 1993 | 12/29/1997<br>12/29/1997<br>12/29/1997<br>12/29/1997 | $524.73       (Estimated tax penalty)<br>$3,131.00      (Late Filing Penalty)<br>$12,524.00        (Additional Tax)<br>$6,053.17              (Interest) | $47,323.98 |

17. Timely notice of and demand for payment of the assessments set forth in paragraph 16 above have been made upon defendant Glen More house, as required by 26 U.S.C. § 6303.

18. Despite timely notice and demand for payment of the assessments described in paragraph 17 above, defendant Glen Morehouse has not paid those assessments. Based on accrued interest and other statutory additions as provided by law, as of November 15, 2007, there remains due and owing the sum of $474,827.80 for the tax periods 1987-1993. Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

### CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS ENCUMBERING THE PORTLAND PROPERTY

19. By this reference, paragraphs 1 through 18 above are fully incorporated as though the same were set forth fully herein.

20. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property or rights to property, whether real or personal, belonging to defendant, Glen Morehouse, as of the dates of all of the assessments described in paragraph 15, including the Portland Property. In

addition, said liens immediately attached to all after-acquired property or rights to property.

21. In accordance with 26 U.S.C. § 6323(f), a Notice of Federal Tax Lien relating to the assessments described in paragraph 15 above were duly filed and recorded at the Multnomah Recording Office on or about August 10, 1998 for the total amount of $226,207.22.

22. The tax liens arising from the assessments described in paragraph 15 above have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

23. The tax liens arising from the assessments described in paragraph 16 above have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

24. Pursuant to 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Portland Property to enforce its tax liens.

## **REQUEST FOR RELIEF**

WHEREFORE, plaintiff, the United States of America, respectfully requests the Court to adjudge and decree as follows.

A. That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property belonging to defendant, Glen Morehouse, including their interest in the real properties at issue as described in

AMENDED COMPLAINT                                7

paragraphs 5 above[1];

B.     That this Court determine that the federal tax liens encumbering the real property at issue arising from the assessments against defendant, Glen Morehouse, described in paragraph 16 above be foreclosed as against Glen Morehouse, and that the real property at issue be sold to satisfy Glen Morehouse's outstanding and deliquent federal tax liabilities;

C.     That this Court determine the validity and priority of all liens on and other interests in the Portland Property, and order that the proceeds from any judicial sale of such property be distributed first to the costs of sale, and then according to the priority of all liens and other interests in the Portland Property; and

D.     That the United States be granted its costs incurred in bringing this action, and for such other and further relief as the Court deems just and proper.

DATED this 19th day of February, 2009.

      KARIN IMMERGUT
      United States Attorney

      s/ Nathaniel B. Parker
      NATHANIEL B. PARKER
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 683, Ben Franklin Station
      Washington, DC 20044-0683
      Telephone: (202) 307-6547

---

[1] The United States does not seek to reduce assessments against defendant Mr. Morehouse to judgment in this action because the United States is already seeking this remedy in the District Court for the District of Washington.  Rather, in this action, the United States merely seeks to foreclose its liens on the Portland Property.

AMENDED COMPLAINT                        8

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 19, 2009, I electronically filed the foregoing Amended Complaint electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jed R. Tomkins, Attorney for Multnomah County
jed.tomkins@co.multnomah.or.us

Linda Law, Attorney for the City of Portland
llaw@ci.portland.or.us

Alex Golubitsky, Attorney for Glen Morehouse
alex@case-dusterhoff.com

I further CERTIFY that service of the Amended Complaint has been made by depositing true and correct copies thereof in the United States mail, postage prepaid, addressed to:

Emma Morehouse
20816 NE 389th St
Amboy WA 98601

Gary Morehouse
20816 NE 389th St
Amboy WA 98601

Linda Buras as Executrix for the Estate of Ada Hoover
14509 80th St. E.
Puyallup, WA 98372

Eugene Turner
c/o Lorie Tipton
9221 Skidmore
Portland, OR 97220

Darlene Turner
2028 ½ I St.
Sparks, NV 84931-4349

Litchfield & Carstens, LLP
407 N. Coast Highway
Newport, OR 97365

Dated this 19th day of February, 2009.

s/ Nathaniel B. Parker
NATHANIEL B. PARKER
Trial Attorney
Department of Justice

AMENDED COMPLAINT         9