IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No.  07-1885-KI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| GLEN A. MOREHOUSE, EMMA J. | ) | |
| MOREHOUSE, MULTNOMAH | ) | |
| COUNTY, CITY OF PORTLAND, GARY | ) | |
| MOREHOUSE, LINDA BURAS AS | ) | |
| EXECUTRIX FOR THE ESTATE OF | ) | |
| ADA N. HOOVER, WESTERN | ) | |
| WASHINGTON CORPORATION OF | ) | |
| SEVENTH DAY ADVENTISTS AS | ) | |
| EXECUTOR FOR THE ESTATE OF | ) | |
| ADA N. HOOVER, EUGENE TURNER, | ) | |
| DARLENE TURNER, LITCHFIELD & | ) | |
| CARSTENS, LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204

Nathaniel B. Parker
U. S. Department of Justice
P. O. Box 683
Ben Franklin Station
Washington, D. C.  20044-0683

Timothy W. Simmons
United States Attorney' Office
405 E. Eighth Avenue, Suite 2400
Eugene, Oregon  97401

      Attorneys for Plaintiff

Alex Golubitsky
Case Dusterhoff LLP
9800 SW Beaverton-Hillsdale Hwy., Suite 200
Beaverton, Oregon  97005

Jed R. Tomkins
Office of the Multnomah County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon  97214

Linda S. Law
City Attorney's Office
1221 SW 4th Avenue, Suite 430
Portland, Oregon  97204

      Attorneys for Defendants

KING, Judge:

The United States brings this action to reduce to judgment the outstanding federal tax liabilities assessed against defendant Glen Morehouse and to foreclose federal tax liens against

Page 2 - OPINION AND ORDER

real property in Portland, owned by defendants Glen Morehouse and Emma Morehouse.  Before

the court is the United States' Motion for Summary Judgment (#41).  The United States now

seeks an order allowing it to foreclose on the property and granting leave to file a proposed order

of foreclosure and sale.  For the reasons below, I grant the motion.

## FACTS

Glen Morehouse did not file federal income tax returns for tax years 1987 through 1993.

On August 16, 1995, the Internal Revenue Service ("IRS") sent a Notice of Deficiency stating

taxes and penalties owed for each of the years.

On November 16, 1995, Glen Morehouse filed a Petition in the United States Tax Court

contesting the unpaid tax liabilities listed in the Notice of Deficiency.  On August 14, 1997, the

Tax Court filed an Order of Dismissal and Decision, dismissing the Petition and ordering that the

income tax and additions to tax were due in the amounts listed in the Notice of Deficiency.  On

December 29, 1997, a delegate of the Secretary of Treasury made assessments for tax years 1987

through 1993 in the same amounts plus additional assessments for unpaid interest.  Glen

Morehouse admitted the correctness of these assessments in his Response to United States' First

Set of Admissions, dated February 13, 2008.

On September 19, 2005, a delegate of the Secretary of Treasury assessed additional fees,

collection costs, and failure to pay tax penalties.  Glen Morehouse has not admitted the

correctness of this set of assessments but gives no explanation of any inaccuracies.

As of May 7, 2009, Glen Morehouse owed a total of $517,295.58 for tax years 1987

through 1993, with interest continuing to be compounded daily.  The United States seeks to

Page 3 - OPINION AND ORDER

collect this debt by foreclosing real property located at 6403-6413 N. Interstate in Portland, Oregon ("Property").

Glen and Emma Morehouse were married on June 20, 1959.  About 1985, Glen and Emma Morehouse entered into a contract to purchase the Property.  They made payments but the Property was not immediately conveyed to them.  The couple separated and a dissolution of the marriage was finalized on August 14, 1995.  Glen was living at the Property at the time of the divorce and operating an antique shop.  The petition for dissolution of marriage, the findings of fact, and the decree of dissolution are silent about the disposition of the Property.

Glen and Emma Morehouse acquired title to the Property as tenants in common on September 5, 1995, a few weeks after the dissolution of their marriage.  Glen and Emma Morehouse have not used the Property for about five years, except for storage.

The United States filed a Notice of Federal Tax Lien against the Property with the Multnomah County Recorder's Office on August 28, 2007.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

Page 4 - OPINION AND ORDER

## DISCUSSION

I.    Validity of the Federal Tax Assessments

The United States contends that the federal income tax assessments are valid and correct, as shown by the Certificates of Assessments and Payments for all of the tax liabilities at issue. The United States also notes that Glen Morehouse admitted to the correctness of the assessments and interest assessments, although not to the correctness of some fees and penalties assessed more recently.

Glen Morehouse argues that there is a factual issue on whether the assessments properly reflect the amount of tax he owes.  He explains that he was in a motorcycle accident in 1984 which left him with severe brain injuries that made him unable to understand the Tax Court process so that he could properly contest the assessments.  Glen Morehouse claims that his contact with the Tax Court about his appearance made its dismissal of his case inappropriate.  He also claims that the contact counts as an appeal of the judgment of dismissal.

In reply, the United States asserts that Glen Morehouse neither appealed the Tax Court's dismissal nor filed a request for the Tax Court to reconsider or vacate its decision.  Thus, the United States contends that the determination of the Tax Court is final and has res judicata effect. Even if Glen Morehouse now wanted to attempt to void the judgment for mental incompetency, the United States argues that he must do so at the Tax Court and not this court.  The United States also distinguishes the case on which Glen Morehouse relies concerning the effect of his contact with the Tax Court, Pasternack v. Commissioner, 478 F.2d 588 (D.C. Cir. 1973).

"The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal

factual foundation.  The presumption shifts the burden of proof to the taxpayers to show that the determination is incorrect."  <u>Palmer v. Internal Revenue Serv.</u>, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citation omitted).  A Form 4340 Certificate of Assessments and Payments "is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made."  <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993) (internal quotation omitted).

I will first address whether <u>Pasternack</u> is persuasive when considering the circumstances of Glen Morehouse's dealings with the Tax Court.  In <u>Pasternack</u>, the taxpayer sued for a redetermination of his tax deficiencies but the Tax Court entered a default judgment for lack of prosecution due to nonappearance at trial.  Thirty-five days later, the Tax Court received a letter from the taxpayer, who resided in London, objecting to the dismissal.  The Tax Court lost the letter for nearly eight months, but when the letter reappeared, the Tax Court vacated the default.  Four months later, the Tax Court granted the Commissioner's motion to vacate the order which vacated the default, after deciding that the default became final 90 days after entry.  <u>Id.</u> at 589.

The appellate court reversed the decision, in the interest of justice, and reinstated the taxpayer's case.  The reversal was based on the Tax Court's loss of the letter from the taxpayer and the "somewhat selective answers of the Commissioner to the Tax Court's inquiries regarding the status of the case[,]" in which the Commissioner did not advise the judge that stipulation negotiations were in progress.  <u>Id.</u> at 592, 594.

The Tax Court's order dismissing Glen Morehouse's case for failure to properly prosecute states:

Page 6 - OPINION AND ORDER

On May 16, 1997, we ordered petitioner to show cause why his case should not be dismissed for failure to properly prosecute and a judgment entered in favor of respondent. Since that time we have given petitioner a number of opportunities to comply with his promises to file back income tax returns and to provide information to respondent for purposes of an audit. This case involves seven years and to date petitioner has filed only two returns and has failed to furnish most of the audit information requested by respondent with regard to those two years. He has not complied with deadlines, even though several extensions have been permitted at his request. In light of the record, we are convinced that petitioner is either unwilling or unable to carry through on preparing his back returns and preparing this case for trial.

Parker Decl. Ex. I.

There is no evidence that any of the extraordinary circumstances in Pasternack, including lost letters and misleading information given to the judge, occurred in Glen Morehouse's case. Glen Morehouse does state in his deposition that he sent a letter to the court when the Commissioner's counsel said he was going to ask the court to dismiss the case. Between the Order to Show Cause and the Order of Dismissal, the docket shows a report by Glen Morehouse on May 19, 1997; a response to the Order to Show Cause on June 23, 1997; a report on July 7, 1997 (after the court ordered the filing of a joint status report); and a report on August 12, 1997 (after a second order for a joint status report). I have no reason to believe that the Tax Court judge was not fully informed. Thus, the dismissal was not inappropriate.

Glen Morehouse also claims that his contact with the Tax Court counts as an appeal of the judgment of dismissal. The contact in Pasternack which the court construed as an appeal was a letter from the taxpayer asking the court to reconsider the dismissal and, if that was not possible, to advise the taxpayer of any appeal rights. Pasternack, 478 F.2d at 593-94. There is no evidence that Glen Morehouse contacted the Tax Court in any fashion after the dismissal of his case. I find that he did not appeal the dismissal in the Tax Court and that ruling is final.

Page 7 - OPINION AND ORDER

26 U.S.C. § 7481(a)(1) (decision of the Tax Court becomes final if no notice of appeal is filed within the time allowed); id. at § 7483 (notice of appeal must be filed within 90 days after the decision of the Tax Court is entered).

The United States further argues that there is no evidence that Glen Morehouse was mentally incompetent to manage his financial affairs following his 1984 accident.  I must agree.

It is undisputed that Glen Morehouse was injured in a 1984 car accident, which gave him what he describes as a "terrible, terrible head injury."  Glen Morehouse Dep. 23.  Since the accident, Glen Morehouse sued the uninsured motorist and received an uncollectible judgment of $100,000, bought property, mortgaged property at times other than when first purchased, owned and operated a major appliance sale and repair store which had two or three employees he supervised, and filed a petition in the Tax Court contesting the unpaid tax liabilities in this case. He is not represented by a guardian or trustee in this action and has retained counsel.  Moreover, Glen Morehouse has not submitted any medical records or expert opinion on the extent of his head injury.  All evidence before me indicates that Glen Morehouse was competent to manage his affairs when he was before the Tax Court from 1995 through 1997.

The Form 4340 Certificates of Assessments and Payments in the record establish a prima facie case that notices and assessments at issue were properly made.  Glen Morehouse has not met his burden to show that the determinations are incorrect.  Accordingly, I conclude that the tax assessments are valid.

II.    Foreclosure

The United States argues that the court may adjudicate the merits of claims against the real property, order a sale, and distribute the proceeds according to the priority of the claims,

even if a third party, such as Emma Morehouse, holds an interest in the encumbered real property along with the delinquent taxpayer.  The United States concedes that Emma Morehouse holds a 50 percent interest in the Property as a tenant in common, but claims that the relevant factors weigh in favor of a forced sale of the Property.  According to the United States, the partial sale of Glen Morehouse's 50 percent interest would prejudice the United States because potential purchasers would not be likely to buy a partial interest or would be unwilling to pay the fair market price.

Under 26 U.S.C. § 7403, the IRS may seek a judicial sale of property to satisfy the tax indebtedness of delinquent taxpayers, even if a third party has an interest in the property but does not owe any of the indebtedness.  United States v. Rodgers, 461 U.S. 677, 680, 103 S. Ct. 2132 (1983).  In deciding whether to order a forced sale, the court should consider the following nonexhaustive factors:  (1) "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes"; (2) "whether the third party with a nonliable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course), have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors"; (3) "the likely prejudice to the third party, both in personal dislocation costs and in the sort of practical undercompensation" in which certain types of property interests or actuarial calculations cause an unfair result; and (4) "the relative character and value of the nonliable and liable interests held in the property."  Id. at 710-11.

Emma Morehouse filed a pro se Answer in this action which states that she has an interest in the property and is not responsible for the tax debts of Glen Morehouse. Emma Morehouse has not filed a response to this motion seeking an order of foreclosure and sale. There is no dispute that she and Glen Morehouse are tenants in common, each with a 50 percent interest in the Property. I make a finding to that effect.

No one has provided an expert opinion on the value of the Property sold in total or sold in part. I assume that a partial interest would be much more difficult to market and would bring in less than half the value of the entire piece. I also have no information on whether Glen Morehouse has other creditors and whether, if so, they could force a sale. As I noted above, Glen and Emma Morehouse have equal interests.

The most important factor is that neither Glen nor Emma Morehouse have used the Property for anything other than storage for at least five years. Thus, Emma Morehouse would not have to find a new place to live. It is not known how much personal property she has stored there. Glen Morehouse has actually been attempting to sell the entire Property but one sale fell through before closing. I also note that Emma Morehouse has not asked me to refrain from selling the Property. Property taxes are going unpaid.

After considering the factors, I conclude that a forced sale of the entire Property is reasonable and order it done.


///


///

Page 10 - OPINION AND ORDER

**CONCLUSION**

The United States' Motion for Summary Judgment (#41) is granted.  The United States

may file a proposed Order of Foreclosure and Judicial Sale.

IT IS SO ORDERED.

Dated this _____16th_____ day of June, 2009.


                                            ___/s/ Garr M. King_____
                                            Garr M. King
                                            United States District Judge

Page 11 - OPINION AND ORDER